(Oakley, Ch. J.,
concurring.)—This demurrer must, I think, be regarded as frivolous. The objections to the complaint are, that the facts of the dishonor of the note, and of notice to the defendant, are not stated upon information as well as belief, and that it is only the belief of the plaintiff, not the existence of the facts, that is averred. These objections are plainly formal, and had they any force, were not proper to be raised by a demurrer. I am of opinion, however, that they are groundless, and that the complaint is well enough as it stands.
The code does not, in terms, require that matters contained in a pleading, which are not within the personal knowledge of the party, shall be stated upon his information and belief; and by the section which -prescribes the form of the verification, it is only to his belief of such matters that lie swears. (Code, § 157.) It is a reasonable, if not a necessary, inference, that his belief only is requisite to be stated.' The object of the code is, that every suit shall be prosecuted and defended in good faith, and this is secured, if the material allegations in the pleading are' belie'ved by the party to be true. As the averment of his belief is not traversable, a statement of its grounds is immaterial.
It is true, that the form of the verification requires the party to swear to his belief of the matters stated, in the pleading, on information and belief, and hence it is inferred that this statement must be found in the pleading ; but even upon the supposition, which I am far from admitting, that this form of the verification must be literally followed. A statement on belief may be *656 fairly construed as a statement by implication, on information, since, as a general rule, it is on information, that the belief must be founded.
The second objection is answered by the decision of this court in Fry v. Bennett, (1 Code Rep. N. S. 249, ante., p. 54) and by that of Judge Mitchell, in Howell v. Fraser (1 Code R. N. S. 270). It is grammatically true, that the plaintiff has averred only his belief of certain material facts, not that the facts had actually occurred, but in pleadings under the code, such an averment must be construed as an averment upon belief of the truth of the facts. It is to be so construed in all cases, where it is upon the truth of the facts, not upon the sincerity of the belief, that the right of action, or the validity of a defence, depends.
The plaintiff is entitled to judgment, but the defendant is permitted to withdraw the demurrer, and answer the complaint upon filing an affidavit of merits, and the payment of ten dollars costs, and ten days are allowed for that purpose.